I respectfully dissent from the conclusion of the majority that the trial court abused its discretion in awarding Judith the insurance proceeds received from the claim for fire damage on the Delphos rental property.
 {¶ 37} Despite Raymond's assertion that his financial misconduct did not cause a diminution of value of the property, there is actual damage to the Delphos property in the amount of $35,000, as evidenced by appraisals of the property conducted both before and after the fire. If the Delphos property were sold in its current condition, it would be greatly overvalued at $180,000. Moreover, the insurance proceeds are a separate asset, considered apart from the value of the real estate. Since the fire, the state of the $35,000 has changed from real property to cash in the amount of $35,000.[2] In my view, Raymond's argument that the current value of the property plus the insurance proceeds equals the pre-fire value of the property is without merit.
 {¶ 38} The trial court herein found that the value of the Delphos property diminished by $35,000 due to Raymond's financial misconduct. Pursuant to R.C. 3105.171 (E)(3), once the trial court determines one spouse has engaged in financial misconduct, the court "may compensate the other spouse with * * * a greater award of the marital property." Based on the statute, I do not believe that the trial court abused its discretion in awarding the insurance proceeds to Judith.
 {¶ 39} I would affirm the decision of the trial court.
[2] We have previously held that a change in the state of property occurs when an insurance claim filed on tangible property is converted to insurance proceeds. See Warner v.Warner, 3d Dist. No. 14-03-10, 2003-Ohio-5132.